Chief Justice Robertson,
delivered the opinion of the court.
On an indictment for an assault and battery against the peace and dignity of the commonwealth, a jury having found that the accused was guilty and assessed a fine against him, the circuit court, on his motion, arrested the judgment and quashed the indictment.
This court has hitherto exercised appellate jurisdiction over prosecutions for simple assaults and *615 batteries, because, as we presume, the punishment denounced in such cases was deemed to be a fine only. Hawkins says, “Assaults and batteries may be punished not only by an action at the suit of the party, in which the offender shall lender damages &c. but also by an indictment at the suit of the King wherein he shall be fined according to the heinousness of the offence.” Other writers and commentators on the criminal common law have laid down the same . , . doctrine.
At common ^ots, routs, unlawful as-gne prisonment.
óf jwe0 ,fr ^0sr° persons in some public °f 16 others,
An assault or batter^how-' ever private orsecret, is an of'
But as to riots, routs, unlawful assemblies and affrays, it seems that the ordinary punishment was fine and imprisonment; (I. Hawkins P. C. 293-8.) These offences are deemed nuisances to the public. They are committed in public, and the gravamen is the disturbance of the public peace, and the incitement to disorder. Thus an affray (from the French affraier to terrify) “is the fighting of two or more persons, in some public place, to the terror of others: for if the fighting be in private, it is no affray, but an assault; because if it be neither heard nor seen by any but the parties concerned it cannot be said to be to the terror of the people.
But an assault, oran assault and battery is an indictable offence, merely because it is a trespass which strikes at the personal security of every citizen, and therefore should be repressed by being punished as a public wrong, however private or secret it may have been.
A simple assault and battery is not so directly and immediately injurious to the public as an affray, riot or rout may be and is deemed to be. Hence there seems to be some propriety in punishing the one with fine only, whilst the others (considered more aggravated) may be punished with both fine and imprisonment.
There is no solidity in any of the causes assigned for quashing the indictment in this case.
The only one of them which we deem of sufficient importance to deserve particular notice is the following: “There is no charge of any offence laid in the indictment. It is neither for a riot, rout, affray, breach of the peace, or unlawful assembly of the people: an assault and battery is no offence known to the common law.,,
In an indictment for an assault & battery, it is not necessary to allege that the assault or battery was committed in public, or to the terror of any of the cit-zens of the Commonwealth.
Denny, for Commonwealth.
The indictment is in the usual form and' charges, circumstantially, an assault and battery with force and arms, against the peace and dignity of the commonwealth. The indictment alleges every fact necessary to shew that there had been an illegal assault and battery, and that an indictable offence had been committed. “An assault and battery is (an) offence known to the common lazof and in an indictment for an assault and battery it is necessary to allege only such facts as constitute the offence. It is not necessary to allege that the assault or battery was committed in public, or to the terror of any of the citizens of the commonwealth.
Wherefore, as we cannot detect any defect in the indictment, the judgment of the circuit court is reversed, and the cause remanded, with instructions to enter judgment on the verdict.